United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Gerald Rausnitz, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) Civil Action No. 19-22894-Civ-Scola | |
| Transamerica Life Insurance ) | |
| Company, Defendant. ) | |

### Order Denying the Plaintiff's Motion to Remand

Rausnitz filed this lawsuit in Miami Dade Circuit Court seeking the reinstatement of his life insurance policy. (ECF No. 1-2.) Transamerica removed the case to this Court on the basis of diversity jurisdiction. Now before the Court is the Plaintiff Gerald Rausnitz's motion to remand. For the reasons set forth below, the motion to remand (**ECF No. 16**) is **denied**.

### 1. Legal Standard

A defendant may remove an action to federal court if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden to demonstrate the existence of federal jurisdiction by a preponderance of the evidence. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001).

Where, as in this case, the allegations of a complaint make "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The defendant is not "required to prove the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 754 (11th Cir. 2010). Instead, the defendant is required only to offer evidence that, when "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," will facilitate the conclusion that the amount in controversy exceeds the $75,000 jurisdictional threshold."

### 2. Diversity of the Parties

Rausnitz's argument that the notice of removal does not sufficiently allege that the parties are diverse lacks merit because Transamerica's notice of removal contains these allegations. A notice of removal need only contain a "short and plain statement of the grounds for removal." 18 U.S.C. § 1446(a). Here, the notice

states that Transamerica was incorporated in Iowa and that its principal place of business is in Iowa, and "thus it is a citizen of the State of Iowa." (ECF No. 1 at ¶ 8.) It also states that the "Plaintiff is a citizen of the State of Florida." (ECF No. 1 at ¶ 9.)

Notably, Rausnitz does not deny—or at least does not contradict—the notice's assertion that he is a citizen of Florida or that Transamerica is a citizen of Iowa. Therefore, Transamerica's uncontradicted allegations in the notice of removal are sufficient to establish diversity between the parties. *Painter v. Cininnati Ins. Co.*, 2010 WL 11505205, at *4 (S.D. Fla. 2010) (Rosenbaum, J.) ("Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie the existence of federal jurisdiction."). Moreover, Transamerica has established diversity of the parties by a preponderance of the evidence, as no contradictory evidence has been presented to the Court.

### 3. Amount in Controversy

As stated above, where the plaintiff makes an "unspecified demand for damages in state court," the defendant must prove "by a preponderance of evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe*, 613 F.3d at 1061. By attaching the life insurance policy at issue, Transamerica has satisfied this burden.

Because Rausnitz seeks to reinstate a life insurance policy, the amount in controversy is the face value of the policy. *See Anderson v. Wilco Life Insurance Company*, 2019 WL 6242199, *5 (11th Cir. Nov. 22, 2019) (the amount in controversy in a suit seeking to reinstate life insurance policies is "the face value of the insurance policy"); *Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 2996) (when the insurance company sought to cancel a policy, the amount in controversy is the amount of the policy). Transamerica attached the insurance policy of $500,000 to its notice of removal. (ECF No. 1-3 at 3.) Because the face value of the life insurance exceeds $500,000, Transamerica has established that the amount in controversy exceeds $75,000.

### 4. Conclusion

In sum, the Court **denies** the Plaintiff Gerald Rausnitz's motion to remand (**ECF No. 16**).

**Done and ordered**, in Chambers, at Miami, Florida on December 9, 2019.

Robert N. Scola, Jr.
United States District Judge