United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Gerald Rausnitz, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-22894-Civ-Scola |
| Transamerica Life Insurance | ) |
| Company, Defendant. | ) |

### Order on the Motion to Dismiss

Now before the Court is the Defendant Transamerica Life Insurance Company's ("Transamerica") motion to dismiss. For the reasons set forth below, Transamerica's motion to dismiss (**ECF No. 6**) is **denied in part and granted in part**.

### 1. Background[1]

In 1992, Rausnitz purchased a life insurance policy from Transamerica insuring the life of his mother, Vera Rausnitz ("Vera"). (ECF No. 1-2 at ¶¶ 4-5.) Rausnitz made all of the policy's premium payments on time through the end of 2017, but he failed to pay the premium due in early 2018. (*Id.* at ¶¶ 7-8.) On January 24, 2018, the Defendant mailed a final notice to Vera cautioning that the policy "has entered its grace period and is in danger of lapsing. In order to prevent your policy from lapsing, we must receive a minimum payment of $2,992.85 by FEB 24. 2018." (*Id.* at pp 13-14.) Transamerica did not send a notice to Rausnitz. He did not pay the minimum amount by February 24, 2018, and Transamerica terminated the policy at that time. (ECF No. 6 at 2.)

Transamerica failed to mail him a final notice because "the notice was improperly mailed." (ECF No. 1-2 at ¶ 10.) Transamerica admitted to never having sent him the letter. (*Id.* at ¶ 11.) Nevertheless, Rausnitz attached to his complaint a copy of the final notice dated January 24, 2018 with his address. (*Id.* at 14.) According to Rausnitz, Transamerica "attempted to cover up its error by creating…the duplicate letter" after-the-fact. (*Id.* at ¶ 13.) He claims that his policy must be reinstated because the January 24th notice letter was never mailed to him.

Rausnitz sent a check on April 4, 2018 for the full annual payment and applied for reinstatement. (*Id.* at ¶ 14.) Transamerica did not reinstate his policy.

---

[1] This Factual Background is comprised of Rausnitz's allegations, which the Court accepts as true and construes in the light most favorable to Rausnitz per Federal Rule of Civil Procedure 12(b)(6).

(*Id.* at ¶ 20.) Rausnitz filed suit in Miami Dade Circuit Court for breach of contract, declaratory judgment, and bad faith. (*Id.*) Transamerica subsequently removed the case to this Court. (ECF No. 1.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Rausnitz states a claim for breach of contract

To state a claim for breach of contract, a plaintiff must allege the following elements: (1) a valid contract, (2) a material breach, and (3) damages. *Friedman*

*v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). Here, the Plaintiff alleges that he entered into a life insurance contract with Transamerica that required a 30-day notice of cancelation to be sent to him prior to cancelation. (ECF No. 1-2 at ¶ 6.) He alleges that no such notice was sent. (*Id.* at ¶ 10.) And, as a result Transamerica canceled his life insurance policy. These allegations are sufficient to survive a motion to dismiss.

Nevertheless, Transamerica argues that Rausnitz's allegations needed to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements for fraud because "the claim is premised upon the occurrence of an alleged fraud." (ECF No. 6 at 5.) Transamerica further explains that if the Plaintiff's allegations of fraud were stricken, i.e. that "Transamerica created and predated the January 24, 2018 letter months later," then Rausnitz has failed to state a claim that Transamerica wrongfully terminated the policy. (*Id.*) Although the letter may be falsified, misleading, and inaccurate, Rausnitz is not alleging that Transamerica defrauded him. "The elements of fraud are (1) a false statement of material fact; (2) defendant's knowledge that the statement is false; (3) defendant's intent that the statement induce the plaintiff to act; and (4) plaintiff's reliance on the statement." *JP Morgan Chase Bank, N.A. v. Hayhurst Mortg., Inc.*, 2010 WL 2949573, *3 (S.D. Fla. July 26, 2010) (Altonaga, J.). Here, Transamerica's allegations of "fraudulent conduct" pertain only to the first two elements of fraud. Despite repeatedly using the word "fraudulent," Rausnitz only alleges that Transamerica falsely dated the documents and that it did so knowingly. *Id.*

### 4. Rausnitz's request for declaratory judgment is duplicative of his claim for breach of contract.

Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim. *See Kenneth F. Hackett & Assoc., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (Altonaga, J.) (finding plaintiff's declaratory judgment claim could affect future payments or rate increases under the existing contract and so sought different relief than the plaintiff's breach of contract claim). Such claims for declaratory judgment must be forward-looking, rather than retrospective, as any retrospective declaration would be equally solved by resolution of the breach of contract claim. *Id.* Therefore, the Court finds Rausnitz's claim for declaratory judgment duplicative and dismisses it without prejudice.

Rausnitz seeks a "judgment declaring the rights of Plaintiff under the subject life insurance policy to be reinstated by Defendant." (ECF No. 1-2 at 10). He contends that "there is an actual, present and practical need for a declaration

of plaintiff's rights under the subject life insurance policy to reinstatement." (*Id.*). From the face of Rausnitz's complaint, then, the Court finds that Rausnitz's claim for declaratory judgment covers the same dispute as his breach-of-contract claim. This Court has previously found that it should not hear claims for declaratory judgment on issues which are properly raised in other counts. *See Fernando Grinberg Trust Success Int'l Properties LLC v. Scottsdale Ins. Co.*, 2010 WL 2510662, at *1 (S.D. Fla. Jun. 21, 2010) (Cooke, J.) (finding plaintiff's claim for declaratory judgment subsumed by its breach-of-contract claim); *Garcia v. Scottsdale Insurance Co.*, 2018 WL 3432702, *2-3 (S.D. Fla. 2018) (Scola, J.) (declaratory judgment is duplicative of claim for breach of contract). Therefore, the Court dismisses Rausnitz's claim for declaratory judgment.

### 5. Rausnitz's claim for bad faith is premature.

Actions against insurers for bad faith under Fla. Stat. § 624.155 do not accrue until the insured's underlying claim is resolved in favor of the insured. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) (answering question certified by the Eleventh Circuit). Even though he has not prevailed on the underlying breach-of-contract claim, Rausnitz brings a bad faith claim, alleging that Transamerica wrongfully refused to reinstate the policy due to the age of the individual and that Transamerica wrongfully accepted payment for the policy premium even though it had already canceled the policy. (ECF No. 1-2 at 10-11.) These claims are premature.

Premature bad faith claims based on Fla. Stat. § 624.155 may be either abated or dismissed at the discretion of the trial court. *Laxman v. Safeco Ins. Co. of Illinois*, 2015 WL 845582 at *2 (S.D. Fla. Feb. 25, 2015) (Rosenberg, J.) (citing *Landmark Am. Ins. Co. v. Studio Imports, Ltd.*, 76 So. 3d 963, 964-65 (Fla. 4th DCA 2011)). The Court is persuaded that dismissal of the bad-faith claim is the more appropriate action in this case. As this Court has found before, "abating the bad faith claim, even if it may be in the interest of judicial economy, is not the proper route. Bringing a premature bad faith claim is contrary to the Federal Rules of Civil Procedure." *Fantecchi v. Hartford Ins. Co. of the Midwest*, 2015 WL 12516629, at *2 (S.D. Fla. Nov. 24, 2015) (Altonaga, J.) (citing *Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1296) (M.D. Fla. 2015) (quotations omitted). Accordingly, the Court finds it more appropriate to dismiss Rausnitz's bad-faith claim without prejudice rather than abate it.

### 6. Conclusion

In sum, the Court **grants in part and denies in part** Transamerica's motion to dismiss (ECF No. 6). The Court grants the motion to dismiss as to the declaratory judgment claim (count two) and the bad faith claim (count three) of

the complaint. The Court denies the motion to dismiss as to the breach of contract claim (count one).

**Done and ordered** in chambers, at Miami, Florida, on December 12, 2019.

_____
Robert N. Scola, Jr.
United States District Judge